IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| JESSE AL BELLING,<br><br>  Petitioner,<br><br>vs.<br><br>WARDEN JIM SALMONSEN, ATTORNEY GENERAL OF THE STATE OR MONTANA,<br><br><br>  Respondents. | Cause No. CV 25-60-H-DLC<br><br><br><br><br>ORDER |

  State pro se prisoner Jesse Al Belling ("Belling") filed an application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.  (Doc. 1.)

  The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a).  The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2).  The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254 Cases.

//

**Exhaustion**

Following a guilty plea, Belling was convicted in Montana's First Judicial District, Lewis and Clark County, of Distribution of Dangerous Drugs. (Doc. 1 at 2-3.) On July 2, 2025, judgment was entered, and Belling was sentenced to 9 years at the Montana State Prison. (*Id.* at 3.)

Belling has not yet filed a direct appeal and explains his lawyer will not assist him. (*Id.*) Similarly, he has not sought state postconviction or other collateral review. (*Id.* at 2-3.) He has sought review before the Montana Sentence Review Division, but he has not yet been provided with a case number. (*Id.* at 3.) A review of the Montana Supreme Court's docket reveals that Belling has no matters before the Court, either active or closed. *See Tigueros v. Adams*, 658 F. 3d 983, 987 (9th Cir. 2011)(court may take judicial notice of proceedings in other courts, within and without the federal judicial system if those proceedings have a direct relation to the matters at issue).[1]

In his federal petition, Belling suggests that he has received the "wrong sentence" and that he was not given credit for time served from October 23, 2024, to May 29, 2025. (Doc. 1 at 4.)

As an initial matter, Belling is advised that this Court can only consider purported errors of federal law and does not sit in direct review of state matters.

---

[1] *See also*: https://supremecourtdocket.mt.gov/ (accessed August 14, 2025).

2

Federal district courts, as courts of original jurisdiction, do not serve as appellate tribunals to review errors allegedly committed by state courts. *MacKay v. Pfeil*, 827 F. 2d 540, 543 (9th Cir. 1987); *see also Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 296 (1970) ("lower federal courts possess no power whatever to sit in direct review of state court decisions"). Thus, even if Belling believes the state district court erred or misinterpreted certain statutes in arriving at his sentence, those claims involve the application of state law and are not proper or cognizable grounds for relief in a federal habeas corpus proceeding. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Hendricks v. Zenon,* 993 F. 2d 664, 674 (9th Cir. 1993) (claim exclusively concerned with state law not cognizable in federal habeas). But that is not the only issue with Belling's petition.

    A federal court may entertain a petition for habeas relief only if the petitioner has exhausted his state court remedies before petitioning for a writ in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its

prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A) through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008), and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies." *Id.. see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must meet all three prongs of the test in one proceeding.  "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." *Castillo v. McFadden*, 399 F. 3d 993, 999, cert. denied, 546 U.S. 818 (2005).

In the present case, the state courts have not yet considered the claims Belling attempts to advance.  Belling must present these same claims to the state courts, including the Montana Supreme Court, in a procedurally appropriate manner and give them one full opportunity to review his federal constitutional claims.  *O'Sullivan*, 526 U.S. at 845.

While Belling has sought review with the Montana Sentence Review Division ("SRD"), that does not constitute exhaustion.  The role of the SRD is to

determine whether a sentence imposed is clearly inadequate or clearly excessive; the SRD may modify or affirm a sentence according to its findings.  *See*, Mont. Code Ann. §46-18-904(1).  Thus, the SRD reviews the equity or inequity of a sentence, and not the merits of a challenge mounted to the legality of one's underlying proceedings or the judgment of conviction.  *See e.g.*, *State v. Ford*, 278 Mont. 353, 364, 926 P. 2d 245, 251 (1996); *State v. Bull*, 2017 MT 247, ¶13, 389 Mont. 56, 403 P. 3d 670.

Because Belling has not yet completely exhausted his available state court remedies, this Court cannot review the claims. *See Rose v. Lundy*, 455 U.S. 509 (1982).  Dismissal will be **without prejudice**, allowing Belling to return to this Court if and when he fully exhausts the claims relative to his current custody.

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings.  A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484

(2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Belling has not yet made a substantial showing that he was deprived of a federal constitutional right. Further, because his petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

**ORDER**

1. Belling's Petition (Doc. 1) is DISMISSED **without prejudice** as unexhausted.
2. The Clerk of Court is directed to enter a judgment of dismissal.
3. A certificate of appealability is DENIED.

DATED this 15th day of August, 2025.

*/s/ Dana L. Christensen*
Dana L. Christensen
United States District Court Judge